IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFERY W. RINER,

    Plaintiff,

v.                                           Civil Action No. 5:09CV125
                                                           (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The plaintiff, Jeffery W. Riner, filed an application for Disability and Disability Insurance Benefits ("DIB"). In the application, the plaintiff alleges disability since March 30, 2004 because of diabetes, pancreatitis, and hypertension.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on October 31, 2008, before Administrative Law Judge ("ALJ") Drew A. Swank. The plaintiff, represented by counsel, testified on his own behalf. On February 26, 2009, the ALJ issued a decision finding that the plaintiff had the following severe impairments: diabetes mellitus, pancreatitis, and hypertension. The ALJ found that none of the impairments or combinations of impairments met the criteria for the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that the plaintiff has the residual functional

capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he is limited to unskilled work. Thus, the ALJ concluded that the plaintiff is unable to perform past relevant work, which required heavy exertion. The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not disabled. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

This case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On June 9, 2010, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this Court affirm the decision of the ALJ. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed a timely objection.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his motion for summary judgment, the plaintiff contends that the ALJ erred because there is no evidence to support the Commissioner's burden of proving that the plaintiff can perform jobs which exist in significant numbers in the national economy given his age, education, work experience and RFC. The plaintiff contends that the commissioner could meet his burden of proof only with the presentation of relevant vocational expert testimony because the plaintiff suffers from nonexertional limitations. Because no vocational expert testified, the plaintiff states that the ALJ's decision must be reversed. In contrast, the defendant argues that substantial evidence supports the Commissioner's decision that the plaintiff could perform work that existed in the national economy and that the ALJ properly found, based upon the

3

grids, that work existed in significant numbers that the plaintiff could perform.

Magistrate Judge Joel issued a report and recommendation, that because the plaintiff's only nonexertional limitation was unskilled work, which does not rise to the level of a nonexertional impairment, vocational expert testimony was not necessary. Magistrate Judge Joel found that substantial evidence supports the ALJ's decision that the plaintiff can perform work in the national economy.

The plaintiff thereafter filed an objection to the magistrate judge's report and recommendation. In this objection, the plaintiff argues, without providing this Court with any authority, that the magistrate judge erred by not hearing from a vocational expert because the plaintiff contends that whether he could work despite his intermittent flare-ups of abdominal pain should have been explored by a vocational expert.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80

F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Once a plaintiff makes a prima facie showing of a physical impairment that prevents him from performing past work, the Secretary has the burden of going forward and showing that the plaintiff, "considering his age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternate job and that this type of job exists in the national economy." Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987). This burden may be met by "proper reference" to the medical-vocational guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2. Id. (citing Heckler v. Campbell, 461 U.S. 458, 461 (1983)). Reference to these guidelines, however, is not always appropriate. Id. The guidelines provide administrative notice of classes of jobs available for persons who have "certain disability characteristics such as strength or exertional limitations." Id. Not taken into account in the guidelines are certain "nonexertional limitations such as pain, loss of hearing, loss of manual dexterity, postural limitations and pulmonary impairment."[1] Id. While "not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the

---

[1] An exertional limitation "manifests itself by limitations in meeting the strength requirements of jobs." Gory v. Schweiker, 712 F.2d 929, 930 (4th Cir. 1983). A nonexertional limitation "is a limitation that is present whether the claimant is attempting to perform the physical requirements of the job or not . . . [s]uch limitations are present at all times in a claimant's life, whether during exertion or rest." Id.

5

grids[,] [t]he proper inquiry . . . is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).

This Court overrules the plaintiff's objection that the ALJ should have consulted a vocational expert to determine whether there were jobs in significant numbers in the national economy that the plaintiff could perform. The ALJ, while acknowledging that the plaintiff has "only intermittent flare-ups," stated that the plaintiff's impairments are not totally disabling and do not preclude the performance of all substantial gainful activity. In this case the ALJ found that the plaintiff's only nonexertional limitation is that he is limited to unskilled work. The ALJ stated that "the additional limitations have little or no effect on the occupational base of unskilled sedentary work." Because the ALJ found that the nonexertional limitation of intermittent flare ups does not diminish the plaintiff's residual functional capacity to perform work of which he is exertionally capable, the ALJ did not need to seek the testimony of a vocational expert. Id.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision that the plaintiff was not disabled and the RFC are supported by substantial evidence. Further, this Court finds that there is substantial evidence to support the finding that the nonexertional condition of

intermittent flare ups does not affect the plaintiff's residual capacity to perform work of which he is exertionally capable. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

Based upon a de novo review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. The decision of the ALJ is AFFIRMED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: July 28, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE